(37 App. Div. 443.)

### KINSMAN v. FISK et al.

(Supreme Court, Appellate Division. First Department. February 10, 1899.)

SALE—CONSIDERATION—CONTRACT—CONSTRUCTION.

 The K. Co. having been formed pursuant to a contract of January 14, 1892, to which plaintiff and defendants were parties, to develop plaintiff's patents, whereby it was agreed plaintiff was to retain a controlling interest, and defendants thereafter desiring to obtain a controlling interest, plaintiff, on October 11, 1893, submitted to them a written proposition to sell them certain shares for a certain amount of money, "provided I am paid an annual salary for two years of $5.000 per annum, * * * as a vice president or consulting engineer of the K. Co." On this, defendants wrote, "We accept the above proposition;" and the next day they made a writing reciting that whereas, the parties to the agreement of January 14, 1892, have agreed to cancel it, and to that end a proposition was on October 11, 1893, made by plaintiff to defendants, and accepted by them: "Now, therefore, in consideration" of the cancellation of the former contract, and of the transfer by plaintiff to defendants of certain shares of stock referred to in said proposition, it is agreed that defendants shall secure for plaintiff his appointment as vice president or consulting engineer of the company for two years from date, at a salary of $5,000 per year, and defendants will guaranty the payment to plaintiff of his salary during said two years. *Held*, that the salary for two years was part of the consideration for the stock, and that defendants were liable for it, though within the two years a receiver was, on their application, appointed for the corporation.

Appeal from trial term, New York county.

Action by Frank E. Kinsman against Harvey E. Fisk and others. From a judgment on a verdict for plaintiff for less than asked for, directed on defendants' motion, plaintiff appeals. Reversed.

The complaint alleges two causes of action: (1) To recover from the defendants, as guarantors, the salary due the plaintiff for services actually rendered by him as consulting engineer of the Kinsman Block-System Company prior to the appointment of a receiver of the company, and notice by such receiver that his services would be no longer required; and (2) to recover damages for failure of the company to pay the plaintiff his salary for the remaining portion of the two years for which he had been employed by the company. Both causes of action arose out of an agreement comprised in the following writings:

56 N.Y.S.—3

"New York, October 11th, 1893.

"Messrs. Harvey Fisk & Sons, New York City—Gentlemen: As a result of our recent conference, I hereby modify my offer of June 26th, 1893, to sell you a part of my stock in the Kinsman Block-System Company, as follows: Twenty-four hundred (2,400) shares (to be paid for at once) for fifteen thousand ($15,000) dollars; one thousand (1,000) shares to be paid for on or before January 15th, 1895, for twenty thousand ($20,000) dollars; eleven hundred (1,100) shares to be paid for on or before January 15th, 1896, for forty thousand ($40,000) dollars. The last two lots named may be called in amounts of not less than 100 shares on payment of the pro rata price; the last two named lots to be placed in trust until the expiration of the dates named, and upon which I will give you a proxy to vote, until the expirations of the options thereon, provided I am paid an annual salary for two years of five thousand ($5,000) dollars per annum, in equal monthly installments, as a vice president or consulting engineer of the Kinsman Block-System Company. * * * All stock not taken under this option shall revert to me without process of law; and, furthermore, Harvey Fisk & Sons shall and do hereby guaranty payment of the salary as stated.

"Respectfully yours,       Frank E. Kinsman.
"We accept the above proposition.
"October 12th, 1893.       Harvey Fisk & Sons."

"Whereas, an agreement, bearing date January 14th, 1892, was entered into between Frank E. Kinsman, party of the first part, and the co-partnership of Harvey Fisk & Sons, parties of the second part, in reference to certain stock and other matters connected with the Kinsman Block-System Company, which agreement is still in force; and whereas, the parties to said agreement have mutually agreed to cancel the same, except so far as said agreement refers to the American and foreign patents of said Kinsman, and to that end a proposition bearing date October 11th, 1893, was made by said Kinsman, to Harvey Fisk & Sons, which proposition was accepted by them on October ——, 1893: Now, therefore, in consideration of the cancellation of said former contract, and of the transfer by said Kinsman of certain shares of stock referred to in said proposition of October 11th, 1893, and of the other matters to be done on his part, and referred to in said proposition, it is hereby agreed that said Harvey Fisk & Sons shall secure for said Kinsman his appointment as vice president or consulting engineer of the Kinsman Block-System Company for two years from the date of this agreement, at a salary of five thousand dollars ($5,000) per year, payable monthly, and that they, the said firm of Harvey Fisk & Sons, will guaranty the punctual payment to the said Kinsman of his salary as such vice president or engineer during said period of two years. The said Harvey Fisk & Sons shall, within 30 days from the date hereof, obtain for the said Kinsman his appointment as such vice president or consulting engineer for two years from the date hereof.

"October 12, 1893.       Harvey Fisk & Sons.
"Witness:
"William S. Fanshawe."

After the plaintiff had rendered services for part of the first year, the defendants brought an action in the court of chancery of New Jersey against the company, alleging insolvency, and caused a receiver thereof to be appointed. The receiver notified the plaintiff that his services were no longer required, and thereafter refused, as did the defendants, to pay the plaintiff his salary. The trial justice decided that the defendants were liable for the salary until the time of the appointment of the receiver, but were not liable for such salary for the period between the appointment of the receiver and the date of the receiver's notice, or for the balance of the two years. Accordingly, on the defendants' motion, a verdict was directed for the amount covering the period for which services were rendered, and dismissing the complaint as to the further period, to which ruling the plaintiff excepted; and, from the judgment thereafter entered, he appeals to this court.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Edmund Luis Mooney, for appellant.
Paul E. De Fere, for respondents.

O'BRIEN, J.   The single question presented on this appeal relates to the construction of the agreement made by the parties.   The plaintiff insists that the agreement was not only that his salary should be paid while he rendered services to the corporation, but that he should be employed for two years, and paid a salary of $5,000 per year during that period.   The defendants claim that it was merely an understanding that they would obtain for the plaintiff his appointment as engineer, and would guaranty punctual payment to him of his salary during the period named, and that in the latter were necessarily implied the conditions that he should render services, and that the company should continue to exist or do business.   Where ambiguity exists in a written instrument, it is entirely competent to look at surrounding circumstances to ascertain the meaning and intent of the parties thereto.   Where, however, the language is sufficiently clear and explicit, resort should be had to the language employed, construed in the light of the situation of the parties, the consideration, the subject-matter, the object to be secured and the purposes to be effected by the instrument.   It is conceded that, prior to the date of the agreement in suit, the Kinsman Company had been formed, pursuant to a contract to which both the plaintiff and the defendants were parties, for the purpose of developing the plaintiff's inventions.   Under it nearly all the stock was issued to the plaintiff; and, after disposing of a part of it as agreed, he was to retain the controlling interest; and future sales, except as permitted, of stock were to be upon the written consent of all parties.   Desiring to obtain a larger, if not controlling, interest, the defendants entered into negotiations with the plaintiff, and, as a result, an offer was submitted to the former in writing, whereby the plaintiff, for sums and upon conditions named, was to turn over 4,500 shares of stock, and to cancel the prior agreement, which proposition the defendants accepted in writing, without qualification; and as this prior proposition was not only accepted, but embodied in the contract, resort may be had thereto for the purpose of correctly construing the agreement.

In the plaintiff's proposition of October 11, 1893, wherein the 4,500 shares were offered to be sold to the defendants, the consideration was not only the cash to be paid, but the further consideration thus expressed:   "Provided I am paid an annual salary for two years of $5,000 per annum, in equal monthly installments, as a vice president or consulting engineer of the Kinsman Block-System Company."   To such proposition, we find, over the signature of the defendants, the following:   "We accept the above proposition."   On the day after this proposition was made, a more formal agreement was entered into, the second recital therein being as follows:   "Whereas, the parties to said agreement have mutually agreed to cancel the same, except so far as said agreement refers to the American and foreign patents of said Kinsman, and to that end a proposition bearing date October 11th, 1893, was made by said Kinsman to Harvey Fisk & Sons, which proposition was accepted by them on October ——, 1893:

Now, therefore, in consideration," etc. It is to be observed that the proposition was made the basis of, and incorporated into, this agreement of October 12; and any doubt that might exist if this agreement stood alone is cleared up by the language employed by the plaintiff in submitting his proposition of October 11th, in which he offered to sell 4,500 shares of stock for a fixed consideration, including not only the cash, but the further provision to which we have alluded, namely, that he was to be paid a salary of $5,000 per annum for two years. We think that this is susceptible of but one meaning, namely, that the defendants obtained the plaintiff's stock under a contract whereby they not only agreed that his salary should be paid while he rendered services to the corporation, but guarantied that he should receive the stated amount for two years. The plaintiff did not intend to surrender his stock and a controlling interest in the company, and leave it in the power of the defendants to employ him or not, or to place the company in the hands of the receiver as the result of insolvency following their control, or that the payment of such sum shall be in any way subject to an implied condition that the company should continue to be a going concern. What the plaintiff intended, as expressed in his proposition, was the securing of some position or relation to the company, and the payment of the amount stipulated; and as the defendants accepted such proposition unconditionally, and without any qualification, what the plaintiff demanded is controlling upon the question of what he should obtain. Here the receiver was appointed upon the application of the defendants, and that fact is relied upon to release them from their obligation. But it is not made to appear that the corporation was dissolved; and the mere bringing of a suit alleging insolvency, and obtaining the appointment of a receiver, did not abrogate the contract of the company or the obligation of the defendants.

We think that, not alone upon the language employed, but on the other facts appearing, this case is clearly to be distinguished from Lorillard v. Clyde, 142 N. Y. 456, 37 N. E. 489; De Luka v. Goodwin, 142 N. Y. 194, 36 N. E. 1056, and People v. Insurance Co., 91 N. Y. 174. In the Lorillard Case the parties had entered into an agreement to combine their business and transfer the same to a corporation, the defendants to have the management of the business, and to guaranty to the plaintiff a dividend of not less than 7 per cent. upon his shares for seven years. The corporation was organized, and the business carried on by it for about five years, when a receiver was appointed on the application of Lorillard, and the corporation subsequently dissolved. The plaintiff sued to recover the amount guarantied, and the court therein said:

"The contract * * * assumed that the corporation would be in existence during the whole period over which the guaranty extended. The guaranty was not for the yearly payment of a sum equal to seven per cent. on the capital of the plaintiff in the corporation, or on the nominal amount of his stock. It was that the dividends of the corporation should annually for seven years equal that sum."

As pointed out in that case, the application for the appointment of the receiver was made by the plaintiff; while here it was upon the ap-

plication of the defendants. There the corporation was dissolved; here all that appears is that a receiver was appointed. But the main distinction, and one that, apart from these differences in facts, would be controlling, is that the language of the two agreements is entirely different. This remark is equally applicable to the other cases cited.

Furthermore, we think it would be both inequitable and unjust to import into the agreement an implied condition contrary to the meaning and intent of the parties, and thus enable the defendants, after obtaining the control of the corporation and its management, to apply for and secure the appointment of a receiver on the allegation of insolvency, and to use this as a ground for refusing to comply with an agreement which, in effect, called upon them, as a consideration for the delivery of the stock, to pay $10,000 in monthly installments covering a period of two years. That the payment of such sum was what the plaintiff desired to secure, and the defendants agreed to pay, as the consideration for the stock, is evident from the character of the employment which the plaintiff was to obtain. The agreement did not specify that he was to render any particular services, but provided that he was to be appointed the vice president or consulting engineer, which necessarily excludes the idea that he was to have his whole time continuously employed with the details of the company during the period, as a condition precedent to his right to receive the stipulated sum.

Having reached the conclusion that the court below erred in its construction of the contract, it follows that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.