PETROLEUM FREIGHT LINES CORPORATION, Plaintiff, *v.* BETTER GAS AND OIL COMPANY, Defendant.

Supreme Court, Warren County, October 25, 1935.

*Daniel F. Imrie,* for the plaintiff.

*J. Edward Singleton,* for the defendant.

LAWRENCE, J.   This is a motion by the defendant for summary judgment under rule 113.   The action is brought to recover damages

for breach of contract. The contract is dated January 28, 1933. By its terms the defendant and Walter Clark, as parties of the first part, and the plaintiff, as party of the second part, agreed that the defendant and Clark would employ the plaintiff to haul all gasoline used or sold by defendant and Clark in the conduct of their business, and plaintiff agreed to haul all gasoline required in the business of defendant and Clark at a certain price per gallon for the period of two years. The contract further stated that the plaintiff was purchasing additional equipment as a result of the agreement, and that, in consideration of the price for hauling, defendant and Clark would not employ others to draw gasoline for them. This contract is not signed by Clark personally but is signed by him as president of the defendant.

While it may not be particularly pertinent to the present motion, it would seem that Walter Clark died in June, 1933. At the time of his death he was the owner of all the capital stock of the defendant and was its general manager. He left a will and his executors continued to operate under the arrangement set forth in the agreement of January 28, 1933, until about December 1, 1933. At about that time the assets of the defendant were sold to liquidate the estate of Clark, and thereafter and in July, 1934, the defendant company was dissolved and did not engage in business subsequent to December 1, 1933.

Plaintiff contends that as the arrangements under the agreement of January 28, 1933, were continued for several months before and after the death of Walter Clark, it suffered damages by reason of non-performance during the balance of the two-year period. Defendant contends that the so-called contract was void for lack of mutuality. The problem is an interesting one and has been ably discussed by opposing counsel.

When we examine the contract in the light of the attending circumstances we perceive that the defendant was not obligated to purchase, sell or use any gasoline except what was required in the conduct of the business. That business was terminated and the sale and use of gasoline was thereby brought to an end. Under the agreement no minimum amount of gasoline is provided for and if the defendant corporation had continued to exist and Clark had continued to live, they would have been under no obligation to use or sell gasoline or to purchase it for the purpose of allowing the plaintiff to haul it, and no action would lie against the defendant for failure to sell or use.

Plaintiff contends that it purchased additional equipment, relying on the performance of the contract. Under the arrangement specified in the contract, it would seem that such purchase of

equipment was because of the quoted price for hauling and the promise of the defendant not to employ others to do the same work. No claim is made that defendant employed others, and it seems to me that the defendant had the option to sell or use as much or as little as desired. If it used or sold gasoline, then it was obligated to employ the plaintiff to haul it. The choice remained with the defendant. The defendant promised nothing except that if it used or sold gasoline, it would pay the plaintiff for hauling it. That promise has not been broken and there is no breach of the contract in that respect on the defendant's part. Plaintiff argues that there was an implied agreement that the defendant would continue in business for the term of the contract and that the requirements for the balance of the term are to be measured by the requirements for the period of operation. It seems to me that that rests upon the original obligation to use or sell, and I discover nothing in the contract from which any promise can be implied or any requirements can be measured.

Plaintiff cites the case of *Wells* v. *Alexandre* (130 N. Y. 642) to sustain his position. In that case the agreement was for the purchase and sale of the quantity of coal needed for the operation of three steamships during a certain period. Coal was furnished for a part of the period and then the steamships were sold but continued to be operated by the purchaser upon the same trips and in the same manner as before. In that case the requirements were substantially definite and the court held that the contract was as definitely stated as possible and the requirements could be definitely determined. In the case at bar the defendant did not agree to purchase anything. It simply promised that if it required any gasoline, it would employ the plaintiff to haul it. In the *Wells* case there was an obligation to buy and to sell and the court held that there was a binding contract although the quantity was not definitely fixed. In the instant case there is no such mutuality of obligation. The option to use or sell gasoline rested with the defendant.

Plaintiff cites the case of *Ehrenworth* v. *Stuhmer & Co.* (229 N. Y. 210). The same general statement might be made as is above made in the *Wells* case. There the defendant and its predecessor wanted to increase the sales of a certain black bread manufactured by them. The plaintiff had a bakery route. An arrangement was made by which the plaintiff would buy all this kind of bread from defendant and defendant would furnish all this kind of bread needed by the plaintiff on his route at certain prices, and plaintiff agreed not to sell any black bread except what the defendant manufactured. The arrangement was to continue as long as both parties

were in the business. That arrangement continued for eight years. Then the defendant increased its output and began to sell this particular kind of bread directly to customers in the territory of the plaintiff's route. In that case there were mutual obligations which could be inferred from the contract. The needs and the advantages to be secured to the parties were stated. Defendant continued in business and its requirements continued.

*Wilson* v. *Mechanical Orguinette Company* (170 N. Y. 542) is cited by the plaintiff. In that case plaintiff, the owner of patents, granted to the defendant the exclusive license to manufacture and sell patented articles in consideration of the payment of certain royalties. The arrangement was to continue for a certain period. During that period defendant transferred its assets to a new company, formed by the consolidation of the defendant and another company, and defendant refused to continue the payment of royalties. The consolidated company continued to manufacture the patented articles and the court found liability upon the theory that it was doing so as successor and the plea that the original licensee had ceased to do business would not avail as the defendant could have been compelled to pay if it had continued in business. In that case there were mutual obligations which were stated in the contract. Similar statements might be made regarding the case of *Kinsman* v. *Fisk* (37 App. Div. 443).

I have commented somewhat at length on some of the cases cited by the plaintiff because, in my judgment, there are distinguishing features in each case and because, in my judgment, the results there reached can be reconciled with the results reached here.

Summary judgment for defendant is granted.